IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAI TRUONG,

    Plaintiff,                         No. CIV S-08-2831 DAD P

    vs.

MARTIN HOSHINO, et al.,         ORDER AND

    Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action was removed from state court by defendant Hoshino pursuant to 28 U.S.C. § 1441(b), and the filing fee has been paid. Following the removal, plaintiff filed an amended complaint and application to proceed in forma pauperis.

        Plaintiff's application to proceed in forma pauperis is defective. The application form submitted by plaintiff does not show the average monthly deposits and balance for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(b). The court's application form contains a section that must be completed and signed by a prison official and requires a certified copy of plaintiff's prison trust account statement for the six-month period immediately preceding the filing of this action. Therefore, plaintiff's application to proceed in forma pauperis will be denied without prejudice.

1

1       The court is required to screen complaints brought by prisoners seeking relief
2  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
3  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
4  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
5  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
6  U.S.C. § 1915A(b)(1) & (2).

7       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
8  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
9  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
10 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
11 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
12 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
13 Cir. 1989); Franklin, 745 F.2d at 1227.

14 I.  Plaintiff's Amended Complaint

15      In his amended complaint plaintiff alleges that the California Board of Prison
16 Terms (Board) has violated his due process rights by failing to establish procedures and criteria
17 for setting subsequent parole hearings off for several years upon the denial of parole.  Plaintiff
18 asserts that pursuant to California Penal Code § 3041.5(b)(2)(B), the Board is required to adopt
19 such procedures and criteria.

20      In plaintiff's underlying criminal case in state court, he entered into a plea
21 agreement and was sentenced on July 3, 1996, to seventeen years to life imprisonment for
22 violating California Penal Code § 288a(c) (oral copulation with a person under 14 years of age)
23 and California Penal Code § 288a(d) (oral copulation by means of force or threats), with
24 sentencing enhancements pursuant to California Penal Code § 667.6 and 12022.3(b).

25      According to plaintiff, on February 10, 1999, he had a "documentary hearing" and
26 "was uninformed about the provisions of Board's MULTIPLE YEAR DENIAL procedure or the

criteria qualifying a muliple [sic] year denials." (Am. Compl. at 3.) Plaintiff alleges that there was also no discussion about the multiple year denial procedure at his "subsequent documentary hearing" on March 3, 2003. (Id.) At plaintiff's parole hearing on November 26, 2008, he asked the defendant commissioners, about the criteria and procedures that were used to defer a subsequent hearing for multiple years upon the denial of parole. (Id. at 4.) Plaintiff alleges that he was told that there are no such provisions or criteria. (Id.) Plaintiff asserts that his next parole hearing is scheduled for November 26, 2010. (Id. at 5.)

Plaintiff contends that at all times during his incarceration, the following regulation was in effect concerning multiple year denials of parole:

> Multiple Year Denials. In cases in which the panel may deny a subsequent parole hearing for more than one year, it shall utilize the criteria specified in sections $2281^1$ or $2402^2$ as applicable. It shall make specific written findings stating the bases for the decision to defer the subsequent suitability hearing for two, three, four, or five years. If the board defers a hearing for five years, the prisoner's central file shall be reviewed by a deputy commissioner within three years, at which time the deputy commission may direct that a hearing be held within one year if the inmate has been disciplinary free and programming in accordance with board direction since the last hearing. The board shall notify the prisoner in writing of the deputy commissioner's decision.

(Cal. Code Regs. tit. 15, §2268(b).)

In his complaint plaintiff alleges that "there are no mentioning of a multiple year denial procedure or the applicableness [sic] of any criteria relating to a two, three, four, or five denial." (Id. at 6.) Plaintiff also contends that the defendants do not provide "any reasoning to establish a rational nexus between the factors found and their ultimate decision [to impose a multiple year denial]." (Id.) Plaintiff also alleges that the defendants rely on "immutable

---

[1] Title 15 of California Administrative Code § 2281 provides the criteria and guidelines for life prisoners in determining their suitability or unsuitability for release on parole.

[2] Title 15 of California Administrative Code § 2402 provides the criteria and guidelines for parole consideration when the prisoner is serving a life sentence for a murder committed after November 8, 1978, and for specified attempted murders.

3

circumstances without establishing a rational nexus between factors found and the ultimate decision[.]" (Id. at 7.)  Plaintiff claims that he has been subjected to a "pro forma hearing" and has been denied due consideration and a fair hearing before a "neutral and unbiased decision-making panel" in violation of his due process rights under the Fourteenth Amendment.  (Id.)

In terms of relief, plaintiff seeks the following:

> 1. A declaration declaring Defendant's actions or inactions as described herein violates Plaintiff's rights to due process under the 14th Amendment or the United States.
>
> 2. A declaration declaring that the agency's Multiple Year Denial procedure, on its face and as applied, is inconsistent and conflicts [sic] with its governing statute and prescribed laws.
>
> 3. An injunctive relief commanding Defendant to promulgate the criteria and procedure in compliance with PC 3041.5(b)(2)(B).[3]

(Id. at 8.)

II.  Analysis

On November 4, 2008, California voters approved ballot initiative Proposition 9.  That initiative amended California Penal Code § 3041.5 to now authorize the Board to defer subsequent parole consideration hearings for up to three, five, seven, ten or even fifteen years upon the denial of parole based upon the circumstances enumerated in that provision.  See Cal. Penal Code § 3041.5(b)(3) (effective Nov. 5, 2008).  The provision that plaintiff relies upon in bringing this action for declaratory judgment and injunctive relief, California Penal Code

---

[3] California Penal Code § 3041.5(b)(2)(B) formerly provided as follows:

> The board shall hear each case annually thereafter, except the board may schedule the next hearing no later than the following: (B) Up to five years after any hearing at which parole is denied if the prisoner has been convicted of murder, and the board finds that it is not reasonable to expect that parole would be granted at a hearing during the following years and states the bases for the finding in writing[.]

However, this provision is no longer in effect, having been amended and replaced by § 3041.5(b)(3).

4

§ 3041.5(b)(2)(B), is no longer effective.  Therefore, plaintiff's challenge concerning the lack of criteria or procedure under former California Penal Code § 3041.5(b)(2)(B) has been rendered moot.  See Foster v. Carson, 347 F. 3d 742, 745 (9th Cir. 2003) (holding that mootness is a jurisdictional issue and where there is no longer a possibility that plaintiff can obtain relief with respect to his claim, there is no actual or live controversy, and the claim is moot).

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's March 9, 2009 application to proceed in forma pauperis is denied without prejudice; and

2. The Clerk of the Court is directed to randomly assign a District Judge to this action.

Also, IT IS HEREBY RECOMMENDED that this action be dismissed as moot and for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 28, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
tru2831.moot